FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2007 SEP 12 P 3: 21

GE GROUP LIFE ASSURANCE CO.

        Plaintiff,

CLERK'S OFFICE
AT BALTIMORE

        v.       BY_____.DEPUTY     CIVIL NO. L-06-2074

ANTHONY LAHEY

        Defendant.

## MEMORANDUM

The facts of this case, as alleged in the Complaint, are as follows. Sometime before June 2000, pro se defendant Anthony Lahey ("Lahey") filed a claim for benefits under his employer's disability plan, which is administered by plaintiff GE Group Life Assurance Co., n/k/a/ Genworth Life and Health Insurance Company ("Genworth"). Genworth approved the claim and began paying monthly benefits. Under the terms of the plan, Genworth reserved the right to reduce the benefit amount by any "Other Income" received by the participant. On September 25, 2000, Lahey signed a Reimbursement Agreement. The Reimbursement Agreement stated that Lahey would (i) notify Genworth promptly of any "Other Income" he received, and (ii) "repay [Genworth] immediately in a lump sum all benefits that may have been overpaid." Complaint ¶ 18.

Sometime before February 8, 2002, Lahey received a lump-sum award of Social Security Disability Income ("SSDI") benefits. When it learned of the award, Genworth determined that it had overpaid Lahey in the amount of $23,648.35 and requested reimbursement. Lahey "failed or refused" to reimburse Genworth for the overpayment. Complaint ¶ 22.

Genworth filed its three-count Complaint on August 9, 2006, requesting (i) equitable

1

relief, pursuant to 29 U.S.C. § 1132(a)(3) (Count 1), (ii) restitution and accounting, pursuant to 29 U.S.C. § 1132(a)(3) (Count 2), and (iii) an award of damages equal to the amount of the overpayment, plus prejudgment interest, court costs, and reasonable attorney's fees, for breach of contract (Count 3).

Now pending are (i) Lahey's motion to dismiss, (ii) Lahey's motion to seal, and (iii) Genworth's motion to strike Lahey's jury demand.  For the reasons stated herein, the Court will deny the motions.

## II.     Motion to Dismiss

Lahey first argues that this case should be dismissed because (i) Genworth filed the suit outside of the applicable statute of limitations period, and (ii) Genworth failed to serve Lahey properly.

### A.     Rule 12(b)(6)

The Court construes Lahey's motion to dismiss on statute of limitations grounds as a motion under Federal Rule of Civil Procedure 12(b)(6).   In evaluating this motion, the Court must ask whether the complaint "sets forth <u>on its face</u> the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations."   <u>Goodman v. Praxair</u>, – F.3d–, 2007 WL 2121724 (4th Cir) (emphasis in the original).   In the Complaint, Genworth alleges that Lahey received his SSDI award prior to February 8, 2002.   Nowhere, however, does Genworth state when it learned of the SSDI award or when it demanded reimbursement from Lahey.   Accordingly, the facts set forth in the complaint do not establish that Genworth's claims are barred by the statute of limitations, and dismissal is inappropriate at this time.   Once the facts are developed through discovery, Lahey may renew his motion.

2

**B.      Rule 12(b)(5)**

Lahey next moves for dismissal based on improper service of process.  The Court will construe this as a motion to dismiss under Rule 12(b)(5).

### 1.      Factual Allegations

In his affidavit of service, process-server Leslie Roth ("Roth") claims that he served Lahey on September 12, 2006.[1]  Docket No. 3.  He approached Lahey while Lahey was walking his dog near his apartment complex.  Lahey "raced" away from Roth and ran "back into his apartment."  As he did so, Roth told him that he had been served.  Roth then went inside the complex and knocked on Lahey's door.  Roth stated that he could hear Lahey's dog barking and knew that Lahey was inside.  When Lahey "refused to cooperate," Roth told him that he was leaving the court papers by the front door next to the newspaper.

Lahey claims that service was improper because: (i) he thought that Roth was a pollster because it was election day, (ii) Roth did not say that he had court papers or that he was leaving them by the front door, and (iii) the barking dog may have belonged to a neighbor.  Lahey does not, however, give a full account of events.  Moreover, he has provided no affidavit in support of his claims.  Because there is no genuine dispute of fact, the Court will accept Roth's version of events as true.

### 2.      Service Was Proper

Under Federal Rule of Civil Procedure 4(e)(2), a plaintiff may effect service upon an individual by "delivering a copy of the summons and of the complaint to the individual

---

[1]      Lahey claims he never received a copy of the affidavit of service.  The Court reminds Genworth that it must send Lahey paper copies of all filings.

personally."   Personal service does not always require hand delivery, however.   "If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in the defendant's presence or, if a touching is impossible, simply to leave them in the defendant's physical proximity." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1095 (3d ed.2002).   Moreover, the Fourth Circuit has held that the rules for effecting service must be liberally construed, particularly when the defendant receives actual notice of the action.   See Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

In this case, Roth was unable to hand deliver the papers because Lahey fled and then locked himself in his apartment.   Roth told Lahey, whom he believed to be on the other side of the door, that he was leaving the papers outside.   Lahey admits that he found the summons and complaint on his doormat.   The Court finds that Genworth has satisfied the requirements of Rule 4(e)(2).   Accordingly, Lahey's motion will be denied.

**III.   Motion to Seal**

Lahey next asks the Court seal this case because some documents will contain his Social Security number.   Under Local Rule 105.11, a party seeking to seal a pleading, motion, exhibit, or other document must "explain why alternatives to sealing would not provide sufficient protection."   Lahey has not explained why lesser measures, such as redacting sensitive information or sealing individual documents, would not provide adequate protection. Accordingly, the Court will deny this motion.   When filing papers, the parties should take care that Lahey's social security number does not find its way into the public record.

4

IV.     **Motion to Strike Jury Demand**

Finally, Genworth moves to strike Lahey's demand for a jury trial.  It argues that claims under the Employee Retirement Income Security Act (ERISA) typically are decided by a judge, not a jury.  Genworth does not, however, address the effect of Count 3, which is a state law breach of contract claim.  The Court will, therefore, deny Genworth's motion without prejudice to refiling.  If Genworth wishes to renew its motion, it must explain why Lahey is not entitled to a jury trial on the breach of contract claim.

IV.     **Conclusion**

For the reasons stated above, the Court will, by separate Order:

(i)      DENY WITHOUT PREJUDICE Lahey's motion to dismiss (Docket No. 6),

(ii)     DENY Lahey's motion to seal (Docket No. 4),

(iii)    DENY WITHOUT PREJUDICE Genworth's motion to strike the jury demand (Docket No. 11), and

(iv)     DIRECT Lahey to file his answer within 20 days.

Dated this __12__ day of September, 2007.

/ s /
_____

Benson Everett Legg
Chief Judge